UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROY BAMBER,<br>Petitioner,<br>v.<br>DANIEL PARAMO, et al.,<br>Respondent. | Case No. 19-cv-01599-WHO (PR)<br><br>**ORDER TO SHOW CAUSE** |

# INTRODUCTION

Petitioner Robert Bamber seeks federal habeas relief under 28 U.S.C. § 2254 from the state's denial of his request to be resentenced under new state laws. The petition for such relief states cognizable claims. Accordingly, on or before **October 21, 2019**, respondent shall file an answer or a dispositive motion in response to the habeas petition.

# BACKGROUND

In 1995, Bamber was convicted in state court of resisting an executive officer. (Pet., Dkt. No. 1 at 2.) A sentence of 25 years to life was imposed. (*Id.*)

In 2013, Bamber petitioned for resentencing under laws created by Propositions 36 and 47. (*Id.* at 3-5.) His petitions were denied and this federal habeas petition followed.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Bamber alleges that the state's denial of his resentencing petition was incorrect and violated his right to due process. He also contends his sentence violates the Eighth Amendment. When liberally construed, Bamber's claim that the state court's decision violated his right to due process is cognizable and shall proceed.

Bamber's Eighth Amendment claim is DISMISSED because it is an attack on the original sentence, not on the constitutional validity of the resentencing proceedings or result. If Bamber wishes to challenge his sentence under the Eighth Amendment, he must file a separate habeas action.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **October 21, 2019**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been

transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **October 21, 2019**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

**Dated:** August 20, 2019



WILLIAM H. ORRICK
United States District Judge