UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROY BAMBER,<br><br>    Petitioner,<br><br>    v.<br><br>MARCUS POLLARD,<br><br>    Respondent. | Case No. 19-cv-01599-WHO (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Robert Roy Bamber seeks federal habeas relief from the state's denial of his request to be resentenced under California's Three Strikes Reform Act of 2012. However, federal habeas relief is not available for errors of state sentencing law, even if state law has been erroneously interpreted or applied. Accordingly, Bamber's federal habeas petition is DENIED.

## BACKGROUND

In 1995, a Sonoma County Superior Court jury convicted Bamber of receiving stolen property, possession of a needle and syringe, auto theft, and resisting an officer. (Ans., Petitioner's State Appellate Brief, Dkt. No. 18-1 at 151.) The jury also found true allegations Bamber had four prior felony convictions, and six prior prison terms. (*Id.*) A sentence of 25 years to life was imposed under California's Three Strikes Law. (Ans., Clerk's Transcript, Dkt. No. 18-1 at 122.)

In 2012, Bamber filed a petition in the Sonoma County Superior Court to revise his sentence under a new law that allows for modifications of Three Strike sentences

(California Penal Code § 1170.126).[1]  (Pet., Dkt. No. 1 at 4.)  The superior court held a hearing on the petition and denied the application for resentencing.  (Ans., State Appellate Opinion, Dkt. No. 19-7 at 4-5.)  "[B]ased on my review of all the records and what I've heard today and the prior criminal history, subsequent conduct in prison after being sentenced to a life term, that Mr. Bamber does pose an unreasonable risk of danger to public safety, and his petition for resentencing is denied."  (*Id.* at 5.)

Bamber's state court attempts to overturn the superior court's ruling were unsuccessful.  This federal habeas petition followed.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

---

[1] California Penal Code § 1170.126 is the child of the successful Proposition 36, the "Three Strikes Reform Act of 2012," which "seeks to remedy the harshness of the Three Strikes Law both prospectively and retroactively." *Clayton v. Biter*, 868 F.3d 840, 842 (9th Cir. 2017).

2

1     "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

    Claims regarding the proper application of state law are beyond the purview of this federal habeas court. *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing criminal law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).

## DISCUSSION

    Respondent contends that Bamber's due process claim is unexhausted, and even if the claim was exhausted, habeas relief should be denied. I agree.

### i. Exhaustion

    Respondent contends that Bamber's due process claim is not exhausted because he did not present a due process claim to the state supreme court. (Ans., Dkt. No. 17-1 at 9-11.) Respondent is correct, but that will not prevent me from ruling on the claim.

    In the instant federal habeas petition, Bamber alleged that his sentence violated the Eighth Amendment because it was disproportionate to those given to others who had been convicted of the same offense and was not "the normal sentence" imposed for such convictions. He also contended that the 1995 sentencing court mistakenly believed a sentence of 25 years to life was required. (Pet., Dkt. No. 1 at 6.) His Eighth Amendment

claim was dismissed at screening because it was "an attack on the original sentence, not on the constitutional validity of the resentencing proceedings or result." (Order to Show Cause, Dkt. No. 11 at 2.) His remaining allegations were construed as a federal due process claim as that seemed the most appropriate interpretation of his challenge to the resentencing denial. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (pro se pleadings must be liberally construed).

To exhaust a claim, a habeas petitioner must "fairly present" his claim to the state's highest court. To do this, he must provide the necessary facts and "the constitutional claim . . . inherent in those facts." *Picard v. Connor*, 404 U.S. 270, 277 (1971).

Bamber's petition for review to the state supreme court does not explicitly make a due process claim. (Ans., Petition for Review, Dkt. No. 19-8 at 6-25.) He did assert that there was insufficient evidence to conclude that he was a danger to society,[2] but respondent is correct that this is not adequate to fairly present a due process constitutional claim.

But while Bamber's claim is not exhausted, I still have authority to deny it. A federal court may deny a habeas petition on the merits even if it is unexhausted. *See* 28 U.S.C. § 2254(b)(2); *Runningeagle v. Ryan*, 686 F.3d 758, 777 n.10 (9th Cir. 2012); *see also Jones v. Davis*, 806 F.3d 538, 544-45 (9th Cir. 2015) (concluding that just as courts have discretion to deny a claim on its underlying substantive validity under § 2254(b)(2) without reaching the exhaustion issue, they also have discretion to deny a claim as *Teague*-barred under § 2254(b)(2) without reaching the exhaustion issue)[3]; *Stokley v. Ryan*, 659

---

[2] Respondent points out that "[w]hile he cited the Due Process Clause in his petition, he did so only in course of discussing the prosecution's burden of proving dangerousness at the resentencing hearing." (Ans., Dkt. No. 17-1 at 10.)

[3] The Ninth Circuit has said that a court may deny unexhausted claims "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). Subsequent panels have ignored this limitation. *See Jones*, 806 F.3d at 546; *Runningeagle*, 686 F.3d at 777 n.10. But it is clear that Bamber does not raise a colorable federal claim under any cicumstance, so I will proceed to address it.

4

F.3d 802, 807-11 (9th Cir. 2011) (declining to decide, among other things, whether the petitioner exhausted state-court remedies because the petitioner was not entitled to relief in any event).

Under these circumstances, I will review Bamber's unexhausted claim de novo, rather than under the deferential standard of review prescribed by AEDPA, 28 U.S.C. § 2254(d).  *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004) ("De novo review . . . is applicable to a claim that the state court did not reach on the merits") (citing *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003)).

**ii      Due Process**

Bamber claims the superior court violated his constitutional rights by denying his application for resentencing under California Penal Code § 1170.126.  (Pet., Dkt. No. 1 at 10-11.)  Section 1170.126 allows a prisoner sentenced as a Three Striker to be resentenced as a Two Striker.  The statute:

> created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety.

*People v. Yearwood*, 213 Cal. App. 4th 161, 168 (Cal. Ct. App. 2013).  However, this claim cannot be addressed on federal habeas.

Errors of state law are not cognizable on federal habeas review, and that includes challenges to state court sentences.  "No federal court has found federal challenges to the Three Strikes Reform Act to be cognizable in federal habeas."  *Perales v. Lizzaragano*, No. 2:17-cv-0662 KJN P, 2017 WL 2179453, at *3 (E.D. Cal. May 17, 2017).  *See, e.g., Kimble v. Montgomery* , No. 2:15-cv-02488-JKS, 2017 WL 4012318 at *4 ("Both the Superior Court and the California Court of Appeal found that Kimble was ineligible for relief because the nature of his prior strikes and his prior criminal history demonstrated that he presented an unreasonable risk of danger to public safety, and this Court is bound

by that interpretation of state law.  Because Kimble was not entitled to re-sentencing under state law, the failure to grant him such relief could not have deprived him of any federally protected right."); *Holloway v. Price*, No. CV 14-5987 RGK (SS), 2015 WL 1607710, at *6-*8 (C.D. Cal. Apr. 7, 2015) (rejecting as not cognizable petitioner's federal due process and equal protection claims challenging his application for resentencing under § 1170.126); *Aubrey v. Virga*, No. EDCV 12-822-JAK (AGR), 2015 WL 1932071, at *9-*10 (C.D. Cal. Apr. 27, 2015) (an error in the application of a state law, such as section 1170.126, does not state a federal habeas claim); *Occeguedo v. Dep't of Corr.*, No. CV 15-1117-DDP (AJW), 2015 WL 4638505, at *2 (C.D. Cal. June 24, 2015) (rejecting as noncognizable petitioner's federal due process challenge to state court's denial of his application for resentencing under the Three Strikes Reform Act); *Cooper v. Supreme Court of California*, No. CV 14-134-CAS (CW), 2014 WL 198708, at *2 (C.D. Cal. Jan. 16, 2014) (petition challenging state resentencing denial subject to summary dismissal because errors in the application of state law do not give rise to federal habeas relief)); *De La Torre v. Montgomery*, No. CV 14-07450-DMG (DFM), 2014 WL 5849340 (C.D. Cal. Oct. 7, 2014) (summarily dismissing as not cognizable a petition challenging state's denial of resentencing); *Hill v. Brown*, No. CV 14-0662-CJC (RNB), 2014 WL 1093041 (C.D. Cal. March 18, 2014) (rejecting as noncognizable petitioner's equal protection challenge to the denial of his § 1170.126 petition to recall his sentence); *Johnson v. Spearman*, No. CV 13-3021 JVS (AJW), 2013 WL 3053043 (C.D. Cal. Jun. 10, 2013) (challenge to state's denial of petition for resentencing under section 1170.126 fails to state a cognizable claim); *Johnson v. Davis*, No. CV 14-3056-JVS (MAN), 2014 WL 2586883 (C.D. Cal. Jun. 9, 2014) (rejecting as noncognizable petitioner's federal constitutional challenge to the denial of his section 1170.126 petition to recall his sentence); *Benson v. Chappell*, No. SACV 14-0083 TJH (SS), 2014 WL 6389443, at *5-*6 (C.D. Cal. Nov. 13, 2014) (petitioner's equal protection challenge to state's denial of his section 1170.126 petition rejected for failure to state a claim); *Nelson v. Biter*, 33 F.Supp.3d 1173, 1178 (C.D. Cal. Jun. 17, 2014) ("Petitioner's claim presents no federal question because it involves the

application or interpretation of state law").

I include the lengthy citation of cases above to emphasize that federal habeas relief is not available for alleged errors in the application and interpretation of state law, including in sentencing, even if state law has been erroneously interpreted or applied. *Swarthout v. Cook*, 562 U.S. 216, 219-222 (2011). Asa result, I must deny Bamber's petition.

## CONCLUSION

The petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:** August 19, 2020



WILLIAM H. ORRICK
United States District Judge

7